UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAPHAEL CLARK, <br><br> Petitioner, <br><br> v. <br><br> STATE OF ILLINOIS, PAGE TRUE and ILLINOIS STATE ATTORNEY GENERAL, <br><br> Respondents. | Case No. 96-cv-802-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Raphael Clark's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). Clark filed a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 in September 1996 challenging his 1987 Illinois state court rape and murder convictions on the grounds that his rights to a fair and speedy trial were violated. The Court denied the petitioner's § 2254 petition on the merits as to his speedy trial claim, finding that the Illinois state court had not unreasonably applied federal law, and on the basis of procedural default as to his due process claim, finding that he had not fairly presented that argument to the Illinois state court. The Court entered judgment accordingly on January 14, 1998 (Doc. 15). In his Rule 60(b) motion, filed June 21, 2007, the petitioner argues that the Court failed to address arguments regarding the adequacy of his counsel and failed to resolve his due process claim.

Although Clark's motion is captioned as a Rule 60(b) motion, such labeling will not allow him to escape the limitations on filing successive § 2254 claims set forth in 28 U.S.C § 2244(b). A post-judgment motion such as a Rule 60(b) motion is a successive habeas corpus application when it advances a new claim, that is, a new ground for relief from a conviction, or

an attack on the Court's prior resolution of a ground for relief on the merits.  *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005).  However, a Rule 60(b) motion that does not assert or reassert claims of error in the conviction and instead points to a defect in the integrity of the § 2254 proceedings or attacks a procedural ruling in the habeas proceeding is not a successive petition.  *Gonzalez*, 545 U.S. at 532.  Generally, decisions to deny a habeas petition based on the failure to exhaust state remedies, procedural default or the statute of limitations are not decisions on the merits and may be attacked in a Rule 60(b) motion without amounting to a successive petition.  *Gonzalez*, 545 U.S. at 532 n. 4.

To the extent that Clark's motion asserts an argument related to ineffective assistance of counsel in violation of the Sixth Amendment, the argument presents a new claim that was not contained in his original petition.  His original petition places the blame for the delay in his criminal proceedings squarely on the state prosecutor, not his counsel, who he admits sought dismissal of the charges on speedy trial grounds.  No reasonable construction of that petition, when read as a whole, could have included an ineffective assistance of counsel claim even under the generous reading required by *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  In order for this Court to consider new claims in a successive petition for habeas relief, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2244(b)(3).  *Lambert v. Davis*, 449 F.3d 774, 777 (7th Cir. 2006) (citing *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) (§ 2255 context)).  The Court of Appeals has not made such a certification.  Therefore, the Court does not have jurisdiction to consider this claim.

Clark's challenge to the Court's finding of procedural default of his due process claim is another matter.  This portion of Clark's Rule 60(b) motion does not present a new claim or challenge any decision this Court made on the merits of Clark's original petition.  Therefore, it is

not a successive habeas petition, does not require certification by the Court of Appeals and should be considered under Rule 60(b)'s standards.  *See Gonzalez*, 545 U.S. at 534 ("Rule 60(b) has an unquestionably valid role to play in habeas cases.").

It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.  *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)).  "Such circumstances will rarely occur in the habeas context."  *Gonzalez*, 545 U.S. at 535.  Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law."  *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995).  The rule authorizes a Court to grant relief from judgment for the specific reasons listed in the rule but does not authorize action in response to general pleas for relief.  *See Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995).  It is also not an appropriate vehicle for addressing simple legal error, for rehashing old arguments, or for presenting arguments that should have been raised before the court made its decision.  *Russell*, 51 F.3d at 749;  *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000);  *Young*, 161 F.R.D. at 62;  *In re Oil Spill by "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993).  Rule 60(b) motions must be made "within a reasonable time."  Fed. R. Civ. P. 60(b);  *Arrieta v. Battaglia*, 461 F.3d 861, 864-65 (7th Cir. 2006).

In this case, Clark has not made any argument justifying reconsideration of the Court's original resolution of his due process claim under Rule 60(b).  Furthermore, Clark's motion, filed June 21, 2007, was not made within a reasonable time after *Gonzalez* opened the door to such a motion in June 2005.

For the foregoing reasons, the Court **DISMISSES in part** and **DENIES in part** Clark's

3

motion (Doc. 20).  The motion is **DISMISSED for lack of jurisdiction** to the extent it raises an ineffective assistance of counsel argument.  The motion is **DENIED** to the extent it raises a due process argument.

**IT IS SO ORDERED.**
**DATED:  July 18, 2007**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**