UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RAPHAEL CLARK,

    Petitioner,

v.                                              Case No. 96-cv-802-JPG

STATE OF ILLINOIS, PAGE TRUE and
ILLINOIS STATE ATTORNEY GENERAL,

    Respondents.

## MEMORANDUM AND ORDER

    This matter comes before the Court on petitioner Raphael Clark's motion for an extension of time to file a motion to alter or amend a judgment under Rule 59(e) (Doc. 23). Clark asks for additional time to ask the court to alter its July 18, 2007, judgment dismissing in part and denying in part his motion under Rule 60(b) seeking relief from the Court's judgment denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    Although Clark's motion is captioned as a motion for an extension of time, one of its ultimate goals is to overturn the denial of his habeas petition on the merits. Such a post-judgment motion is a successive habeas corpus application because it seeks to advance a new claim, that is, a new ground for relief from a conviction, or an attack on the Court's prior resolution of a ground for relief on the merits. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005). In order for this Court to consider new claims in a successive petition for habeas relief, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2244(b)(3). *Lambert v. Davis*, 449 F.3d 774, 777 (7th Cir. 2006) (citing *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) (§ 2255 context)). The Court of Appeals has not made such a certification. Therefore, the Court does not have jurisdiction to consider this motion. For this

reason, the Court **DISMISSES** Clark's motion (Doc. 23) for **lack of jurisdiction**.[1]

**IT IS SO ORDERED.**
**DATED:  August 31, 2007**

                s/ J. Phil Gilbert
                **J. PHIL GILBERT**
                **DISTRICT JUDGE**

---

[1] Even if the Court had jurisdiction to hear this motion, it does not possess the authority to extend the deadline for filing a Rule 59(e) motion.  Fed. R. Civ. P. 6(b).