UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RAPHAEL CLARK,

    Petitioner,

v.

STATE OF ILLINOIS, PAGE TRUE and
ILLINOIS STATE ATTORNEY GENERAL,

    Respondents.

Case No. 96-cv-802-JPG

**MEMORANDUM AND ORDER**

    This matter comes before the Court on petitioner Raphael Clark's motion for a certificate of appealability (Doc. 25), filed October 5, 2007. As a preliminary matter, Clark's motion clearly evinces an intent to appeal the Court's denial of his motions under Federal Rules of Civil Procedure 59(e) and 60(b) (Docs. 22 & 24) and satisfies the requirement of a notice of appeal under Federal Rule of Appellate Procedure 3(c)(1). The Court therefore **CONSTRUES** the pending motion to contain a notice of appeal of those orders (Docs. 22 & 24) filed the date of its original filing, October 5, 2007, and **DIRECTS** the Clerk of Court to docket it accordingly.

    The Court now turns to Clark's request for a certificate of appealability. A § 2254 petitioner may not proceed on appeal without a certificate of appealability. 28 U.S.C. § 2253(c)(1); *see Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004)*; Ouska*, 246 F.3d at 1045. To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve

encouragement to proceed further." *Ouska*, 246 F.3d at 1046; *accord Tennard*, 542 U.S. at 282; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability should issue if the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."). Disputes about procedural or statutory issues in a case cannot justify a certificate of appealability unless "a substantial constitutional issue lurks in the background, and the statutory question is independently substantial." *Ramunno v. United States*, 264 F.3d 723, 725 (7th Cir. 2001) (question of a petition's timeliness) (citing *Slack*, 529 U.S. at 483-85).

The Court finds that Clark has not made a showing that reasonable jurists would find the constitutional claims debatable or that any debatable constitutional claims "lurk in the background" of any non-constitutional issues. Accordingly, the Court **DENIES** the motion for a certificate of appealability (Doc. 25).

**IT IS SO ORDERED.**
**DATED:  October 25, 2007**

                                                   s/ J. Phil Gilbert
                                                   **J. PHIL GILBERT**
                                                   **DISTRICT JUDGE**